```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. HUDSON,                     :
                                    :
    Petitioner,                     :   CIVIL ACTION NO.3:05-CV-0104
                                    :
    v.                              :
                                    :
BENJAMIN MARTINEZ, et al.,          :   (JUDGE CONABOY)
                                    :   (Magistrate Judge Blewitt)
    Respondents.                    :
_____
```

## MEMORANDUM and ORDER

Here we consider Magistrate Judge Thomas M. Blewitt's Report and Recommendation, (Doc. 15), regarding Petitioner John D. Hudson's ("Petitioner") habeas corpus petition filed pursuant to 28 U.S.C. § 2254 on January 14, 2005. (Doc. 1). Petitioner is currently housed at the State Correctional Institution at Coal Township, Pennsylvania. In the instant action, Petitioner claims that the Pennsylvania Board of Probation and Parole ("Board") violated several provisions of the United States Constitution when it denied him parole including the First, Fifth and Fourteenth Amendments and the *Ex Post Facto* Clause. (Doc. 1 ¶ 12.) The Magistrate Judge concluded that all claims other than that based on the *Ex Post Facto* Clause are without merit. (Doc. 15 at 11 n.10.) He determined the Board violated the *Ex Post Facto* Clause when it applied amended review standards to Petitioner's parole application. Therefore, the Magistrate Judge recommends the Petition be granted to the extent that the Court enter an Order

1

directing the Board to re-adjudicate Petitioner's parole application applying the pre-1996 Pennsylvania Parole Act and rules.  (Doc. 15 at 15-16.)

On April 4, 2005, Respondents filed objections to the Magistrate Judge's Report and Recommendation regarding his recommendation on the *Ex Post Facto* issue.  (Doc. 16).  Therefore, we will make a de novo determination regarding this issue.  See 28 U.S.C. § 636(b)(1)(C).

Because no objections were filed concerning Petitioner's First, Fifth and Fourteenth Amendment claims, we will review the Magistrate Judge's recommendation on these matters for clear error. See, e.g., Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998).

After a thorough examination of the record, we will adopt the Magistrate Judge's Report and Recommendation concerning Petitioner's First, Fifth and Fourteenth Amendment claims but will not adopt the Report and Recommendation concerning Petitioner's *Ex Post Facto* claim.  Rather, we find Petitioner's *Ex Post Facto* claim without merit and, therefore, dismiss Petitioner's habeas corpus action.

### I. BACKGROUND[1]

In 1986, Petitioner was arrested and charged with involuntary deviate sexual intercourse, statutory rape and corruption of

---

[1] The following facts are primarily derived from Magistrate Judge Blewitt's Report and Recommendation, (Doc. 15).

2

minors. According to the criminal complaint, Petitioner raped and threatened a child who was less than sixteen years old. (Doc. 13 Ex. A ¶ 23.) He pled not guilty, but was convicted of all charges following a jury trial. Petitioner was sentenced to ten to twenty-five years in prison. His minimum sentence date was August 6, 1999, and his maximum sentence date is August 6, 2014.

Petitioner first applied for parole in June 1999 and again in August 2001. (Doc. 13 Exs. B, C.) The Board denied both applications, informing Petitioner that it would consider the following at the next review: 1) whether he had completed a treatment program for sex offenders; 2) whether he had received a favorable recommendation from the Department of Corrections; and 3) whether he had maintained a clear conduct record and completed the Department's prescriptive program(s). (Id.)

The only parole decision at issue in the current petition is that dated September 29, 2003, (Doc. 13 Ex. C). The Board again denied Petitioner parole, rendering the following decision:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
> Your refusal to accept responsibility for the offense(s) committed.

3

>    The recommendation made by the Department of Corrections.
>    Your need to participate in and complete additional institutional programs.
>    You will be reviewed in or after August, 2005.
>    At your next interview, the Board will review your file and consider:
>    Whether you have participated in/successfully completed a treatment program for: sex offenders.
>    Whether you have received a favorable recommendation for parole from the Department of Corrections.
>    Whether you have maintained a clear conduct record and completed the Department of Corrections prescriptive program(s).
>    Sex Offender Assessment Board evaluation to be available at time of review.

(Doc. 13 Ex. C.)

Petitioner filed a Petition for Administrative Relief with the Board, requesting that the Board reconsider its September 29, 2003, decision.  The Board denied the petition.  Petitioner then filed a Petition for Review (Mandamus) with the Pennsylvania Commonwealth Court.  On July 12, 2004, the Commonwealth Court denied the petition.  Petitioner then exhausted his administrative remedies with the state courts by filing a petition for allocator with the Pennsylvania Supreme Court, which he states was denied on October 7, 2004.

Following exhaustion of his state court remedies, Petitioner filed the instant action in which he identifies four bases for his petition.  First, Petitioner claims that the Board violated the *Ex Post Facto* Clause of the United States Constitution when it

4

improperly applied the standards of the 1996 amendments to the Pennsylvania Parole Act which succeeded the date of his conviction. (Doc. 1 ¶ 12(A).)  He asserts that prior to the 1996 amendment the Board granted inmates parole without requiring them to admit their guilt or to complete a sex offender program - grounds which the board used to deny him parole.  (Id.)  Second, Petitioner contends that the Board's decision was "so arbitrary and capricious" as to deny him Fourteenth Amendment due process rights.  (Id. ¶ 12(B).)  Third, Petitioner claims violations of his First and Fifth Amendment rights concerning freedom of speech, access to the courts, and self-incrimination.  (Id. ¶ 12(C).)  The bases of these claimed violations are the Parole Board's requirement that Petitioner successfully complete a sex offender program and the requirement that he admit his guilt. (Id.)  In his fourth claim, Petitioner essentially repeats the allegations made in his first claim regarding the *Ex Post Facto* Clause.  (Id. ¶ 12(D).)

## II. DISCUSSION

### A.   *First, Fifth and Fourteenth Amendment Claims*

The Magistrate Judge concludes that Petitioner's First, Fifth and Fourteenth Amendment claims are without merit.  (Doc. 15 at 11 n.10.)  We find no clear error in the Magistrate Judge's conclusion and, therefore, find that dismissal of these claims is proper.

### B.   *Ex Post Fact Claim*

We will not engage in a lengthy discussion of Respondents'

objections because the *Ex Post Facto* issue presented here has been considered extensively by the United States District Courts in Pennsylvania.  See, e.g., Tucker v. Patrick, 3:04-CV-1232, slip op. at 10, 11 (M.D. Pa. Dec. 7, 2004).  The *Ex Post Facto* claim frequently raised since the Third Circuit Court of Appeals' decision in Mickens-Thomas is based on the court's holding that the 1996 amendments to the parole laws in Pennsylvania were an *Ex Post Facto* Clause violation when applied to those sentenced prior to the adoption of the amendments because the amendments placed an additional emphasis on public safety and, in some cases, worked to deny parole to those who would have been eligible prior to the amendments.

In a recent decision in which we addressed a petitioner's *Ex Post Facto* claim, we determined that the rationale upon which the Mickens-Thomas holding is based and similarities between Mickens-Thomas and the case under consideration warranted application of the holding.  Adams v. Kelchner, No. 3:04-CV-799, slip op. (M.D. Pa. Nov. 12, 2004).  Given the specific circumstances of the case, we found Mickens-Thomas applicable although the petitioner's latest parole review had occurred after the Pennsylvania Supreme Court decided Winklespecht v. Pennsylvania Board of Probation and Parole, 813 A.2d 688 (Pa. 2002), the case in which it held that the 1996 parole amendments did not put an increased emphasis on public

safety.[2]  Id.  In a subsequent Order disposing of the respondent's Motion for Reconsideration, we stressed that our earlier opinion was grounded in the factual similarities between Adams' and Mickens-Thomas's parole denials.  Adams, No. 3:04-CV-799, slip op. at 2 n.1.  Specific similarities included: (1) reasons for denial of parole; (2) compliance with previous Parole Board recommendations; and (3) the Parole Board decision's failure to address factors weighing in favor of release.  Id. (citing Mickens-Thomas, 321 F.3d at 381-82, 387).

The Adams dicta is indicative of our conclusion that any decision on the applicability of Mickens-Thomas to a case where a petitioner has received a post-Winklespecht parole review must be made on a case by case basis.  Only in those cases where "there is at least some evidence supporting a rational inference that the Board is taking action contrary to the result that would have been obtained prior to 1996," will a Mickens-Thomas based *Ex Post Facto* claim be considered viable.  Id. (quoting Tucker v. Patrick, 3:03-CV-1232, slip op. at 10 (M.D. Pa. Dec. 7, 2004).  As noted above, the necessary inference was raised in Adams because of the factual similarities with Mickens-Thomas.

In Weeks v. Pennsylvania Board of Probation and Parole, No.

---

[2] Subsequently, in Finnegan v. Pa. Bd. of Probation and Parole, 838 A.2d 684, (Pa. 2003), the Pennsylvania Supreme Court considered its Winklespecht decision in light of Mickens-Thomas and upheld Winkelspecht.

3:04-CV-0867, slip op. (M.D. Pa. Feb. 24, 2005), we concluded that the Board's denial of parole did not raise a Mickens-Thomas issue because there was no indication that greater emphasis was placed on public safety concerns than on other criteria. Id. at 6. Weeks factors which we found significant were the petitioner's lack of remorse for the offenses committed and the need to participate in and complete additional programs. Id.

On the same date we issued the Memorandum and Order in Weeks - February 24, 2005 - the Pennsylvania Supreme Court decided Cizmasziewski v. Board of Probation and Parole, 868 A.2d 416 (Pa. 2005). The court overruled Finnegan to the extent that it did not recognize that, pursuant to the reasoning of United States Supreme Court cases addressing the *Ex Post Facto* issue, "the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration." Cizmasziewski, 868 A.2d 427 (citing Garner v. Jones, 529 U.S. 244, 251, 256 (2000); California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995)). The Pennsylvania Supreme Court added the following explanation of when an *Ex Post Facto* violation may be found:

> Speculative and attenuated possibilities of increasing punishment, however, do not suffice. Instead, this fact-intensive inquiry must be conducted on an individual basis. As the Supreme Court has indicated: "[w]hen the rule does not by its own terms show a significant risk, the

8

> [challenger] must demonstrate, by evidence drawn
> from the rule's practical implementation . . .
> that its retroactive application will result in a
> longer period of incarceration than under the
> earlier rule."

Cizmasziewski, 868 A.2d at 427 (quoting Garner, 529 U.S. at 255).

Applying its holding to the facts of the case, Cizmasziewski determined the claimant did not satisfy his burden and noted that the Board did not rely on the 1996 amendment in denying parole but "was waiting for the [claimant] to complete a substance abuse program" among other things. Id. at 428.

Here we have a situation similar to Weeks and Cizmasziewski where no *Ex Post Facto* violations were found. We agree with the concept that there can be an *Ex Post Facto* violation of the Constitution if the Board confines its consideration to the 1996 amendment. However, we have previously explained that we will not second guess the Board if it considers the totality of the circumstances and not solely the 1996 amendment.

Looking at the submissions made by the Board, it is obvious to this Court that the instant case is distinguishable from both Adams and Mickens-Thomas. Here, the Board provided extensive reasons other than the safety of the public in rejecting Petitioner's parole. (Doc. 13 Exs. B, C). Specifically, the Board cited Petitioner's refusal to accept responsibility for his offense, the recommendation of the Department of Corrections and the need for Petitioner to participate in additional institutional programs in

denying Petitioner parole.  Id.  Petitioner's next interview is scheduled for August 2005, and he was informed that the Board would consider whether he had successfully completed a treatment program for sex offenders, whether he received a favorable recommendation for parole and whether he maintained a clear conduct record.  (Doc. 13, Ex. A).

The Board's stated reasons and recommendations indicate that no *Ex Post Facto* violation inference is raised.  Therefore, it is unnecessary to remand the case for reconsideration of Petitioner's parole application, and we will not adopt the Magistrate Judge's Recommendation on this issue.[3]

### III.  CONCLUSION

Based on the foregoing discussion, we will adopt the Magistrate Judge's Report and Recommendation concerning Petitioner's First, Fifth and Fourteenth Amendment claims.  We will not adopt the Report and Recommendation concerning Petitioner's *Ex Post Facto* claim.  Rather, we find Petitioner's *Ex Post Facto* claim without merit and, therefore, dismiss Petitioner's habeas corpus

---

[3] We acknowledge that it is the rare case where a court does not adopt a Report and Recommendation which is largely based on the court's own opinion.  Here, the Magistrate Judge primarily relies on this court's opinion in Adams.  However, the Magistrate Judge did not have the benefit of our subsequent opinion in Weeks where we reviewed our own analysis and the analysis of other Third Circuit courts in deciding *Ex Post Facto* claims.  Our objective is to strike a balance between according deference to the Board and the duty of the courts to consider defendants' constitutional rights.

action.  An appropriate Order follows.

                                                _____
                                                RICHARD P. CONABOY
                                                United States District Judge

DATE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. HUDSON, | : | |
| Petitioner, | : | CIVIL ACTION NO.3:05-CV-0104 |
| v. | : | |
| BENJAMIN MARTINEZ, et al., | : | (JUDGE CONABOY) |
| | : | (Magistrate Judge Blewitt) |
| Respondents. | : | |

**ORDER**

AND NOW, THIS 25th DAY OF MAY 2005, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, (Doc. 15), is adopted in part and rejected in part;
2. The Report and Recommendation is adopted regarding Petitioner's First, Fifth and Fourteenth Amendment claims;
3. The Report and Recommendation is rejected as to the recommendation that the Court issue an Order requiring the Pennsylvania Board of Probation and Parole to reconsider Petitioner's parole application;
4. Petitioner's habeas corpus action, (Doc. 1), is DISMISSED;
5. The Clerk of Court is directed to close this case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge